**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RONALD ANDERSON,**

      **Petitioner,**

  **v.**

**WARDEN, ALLEN CORRECTIONAL INSTITUTION,**

      **Petitioner.**

**Case No. 2:12-cv-01168**

**Judge Peter C. Economus**

**Magistrate Judge Elizabeth P. Deavers**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of the Report and Recommendation of the Magistrate Judge. (ECF No. 14.) The Magistrate Judge recommended, that the Court dismiss this action.

On March 17, 2011, a jury in state court found the Petitioner guilty of having a weapon while under disability. On March 29, 2012, the state appellate court affirmed the judgment of the trial court. *State v. Anderson,* No. 2011 CA0006, 2012 WL 116172, at *1-7 (Ohio App. 5th ist. March 29, 2012). On September 5, 2012, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Anderson,* 132 Ohio St.3d 1514 (2012).

In the instant action, Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773, 130 S.Ct. 1855 (2010)

("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)). After reviewing the state court record and the Petitioner's claims, the Magistrate Judge found:

> this Court cannot conclude that any alleged error had a substantial or injurious effect or influence in determining the jury's verdict. Nor may this Court find that the state appellate court contravened or unreasonably applied federal law in rejecting Petitioner's claim, or that its decision constituted an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

(ECF No. 14 at 21.) The Magistrate Judge therefore recommended that this action be dismissed.

The Report and Recommendation of the Magistrate Judge specifically advised the parties that failure to object to the Report and Recommendation within fourteen days results in a "waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court." (Report & Recommendation, ECF No. 14 at 22.) The time period for filing objections to the Report and Recommendation has expired. No party has objected to the Report and Recommendation.

The Court reviewed the Report and Recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b). Noting that no objections have been filed and that the time for filing such objections has expired, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED.**

The Clerk is **DIRECTED** to remove this action from the Court's pending case list.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE